IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL ACTION NO. 9:11-cv-81163-DMM

JOHN KORMAN,

    Plaintiff,

v.

AURORA LOAN SERVICES LLC, et al.

    Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

THIS CAUSE is before the Court upon Plaintiff John Korman's ("Plaintiff" or "Korman") *pro se* Motion to Proceed *In Forma Pauperis* ("Motion") (DE 3). I have carefully reviewed Plaintiff's Motion, liberally construing his pleadings in accordance with *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998),[1] and am otherwise fully advised in the premises.

The Court's authority for granting Plaintiff's Motion is found at 28 U.S.C. § 1915 (2010), which provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). When considering an IFP motion

---

[1] The Eleventh Circuit stated in *Tannenbaum* that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." 148 F.3d at 1263.

filed pursuant to § 1915, the court must determine whether the litigant satisfies the requirement of indigency and is unable to pay the required costs to commence the action. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* If the court, however, determines that the allegations of poverty are untrue, or if the action is frivolous or fails to state a claim on which relief may be granted, the court must dismiss the case. 28 U.S.C. §§ 1915(e)(2)(A) & 1915(e)(2)(B)(i)-(ii) (2010); *see also Martinez,* 364 F.3d at 1308; *Attwood*, 105 F.3d at 613 (11th Cir. 1997).

In his Motion, Plaintiff states that he currently has no gross pay or wages. However, he has earned about $5,000 in the past twelve months and his wife works and makes about $15,0000 a year. Plaintiff also states that he owns two cars, worth $1,000 and $3,000 respectively, and pays $100 a month in cable bills. Given Plaintiff's income and his $100/month cable bill, this Court finds that Plaintiff fails to meet the requirement of indigency and is able to pay the required costs to initiate this action.

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE 3) is **DENIED**. All pending motions shall be DENIED AS MOOT. The Clerk of Court shall **CLOSE THIS CASE**.

DONE AND ORDERED in Chambers at West Palm Beach, FL this 21st day of December, 2011.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
John Korman, *pro se*
934 SW 21st Way
Boca Raton, FL 33486